UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARITZA LUCIA SWARTZ, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00335 |
| ASURION, et al., | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Maritza Lucia Swartz filed a pro se Complaint under the Americans with Disabilities Act ("ADA") against Asurion and employees Becky Walton, Janet Garrett, Reggie Swick, Biscanvsky LaDonna, Ebony Gains, and Tyson Eaton. (Doc. No. 1). Swartz also filed an application to proceed as a pauper. (Doc. No. 6). The case is before the Court for a ruling on the application and initial review of the Complaint.

## I. Application for Leave to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Swartz is a married 55-year-old woman. (Doc. No. 6). Swartz currently has a small monthly disability income and her husband receives temporary unemployment benefits. (See Doc. No. 2 at 1, 5). Furthermore, Swartz reports basic expenses that exceed income, no cash reserves, and no significant assets aside from a home involved in a bankruptcy. (Id. at 2-5.) It appears that Swartz cannot pay the full civil filing fee in advance without undue hardship, the application will be granted.[1]

---

[1] A prior application filed by Swartz (Doc. No. 2) will be denied as moot.

## II. Initial Review of the Complaint

The Court must conduct an initial review of the Complaint and dismiss any action filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

### A. Standard of Review

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004); see also Brown v. Mastauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

In reviewing the Complaint, the Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court must (1) view the Complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether the factual allegations "plausibly suggest an entitlement to

relief," Williams, 631 F.3d at 383 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (quoting Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

### B. Factual Allegations

Liberally construing the Complaint, it appears as follows. Swartz began working at Asurion in 2004, eventually moving to the Escalation Department. (Doc. No. 1 at 9). Swartz had a number of medical conditions, including diabetes, migraines, and sciatica, for which Asurion approved accommodations. (Id. at 7). In December 2014, Swartz had a heart attack. (Id.) Thereafter, Swartz – with the assistance of her cardiologist – sought an accommodation in the form of a less stressful position. (Id. at 11).

Over several years, Asurion repeatedly denied Swartz's requests for accommodation and shuffled her between human resources representatives. (Id. at 7-8). Eventually, with the assistance of another doctor, Swartz requested a different accommodation in the form of two months without stressful escalated calls. (Id. at 8). Asurion denied the request. (Id.) Asurion employees encouraged Swartz to submit more accommodation requests, but Asurion continued to deny them. (Id.)

After Swartz traveled abroad for a funeral in December 2018, Human Resources Partner Reggie Swick told Swartz to submit another request for accommodation and promised he was "going to help." (Id.) At the same time, however, Swartz discovered that her direct supervisor had "removed" her other existing ADA accommodations. (Id. at 8-9). It took six months for Swartz to get the other accommodations back, and the new request made to Swick was denied. (Id. at 10).

3

In August 2019, Swartz was placed under supervisor Ebony Gaines, who was "over [Swartz] all the time." (Id.) A short time later, on September 11, 2019, Gaines fired Swartz after falsely accusing her of inappropriate conduct. (Id.) The Complaint alleges that this was "the excuse they were looking for to get of [Swartz] since [she] was all the time try[ing] to [accommodate her] heart conditions[.]" (Id.) Swartz had not received a warning from Asurion in 15 years, despite Asurion's claim that it issued a warning on September 3, 2019.[2] (Id.)

### C. Analysis

The Complaint reflects that Swartz brings several ADA claims against Defendants.[3] (Id. at 3). Swartz checked boxes to indicate that she complains about the following discriminatory conduct: termination, failure to accommodate, and retaliation. (Id. at 4). In addition, Swartz designated that Defendants discriminated against her based on disability – specifically, her heart condition. (Id.)

#### 1. Proper Defendant

The Court first addresses the proper Defendant to Swartz's claims. Swartz's ADA claims against the six employee Defendants must be dismissed because individual employees and supervisors cannot be held personally liable under the ADA. Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n.1 (6th Cir. 1999); Lee v. Mich. Parole Bd., 104 F. App'x 490, 493 (6th Cir. 2004). Instead, "the proper Defendant for [Swartz's] ADA claim[s] is her employer." Wright v. MNPS, No. 3:19-cv-00953, 2020 WL 1082755, at *3 (M.D. Tenn. Mar. 6, 2020). Accordingly, the Court turns to the merits of Swartz's ADA claims against Asurion.

---

[2] The Complaint also alleges that Asurion presented paperwork to the EEOC concerning Swartz's other accommodations, not the heart condition accommodation at issue. (Doc. No. 1 at 10).

[3] Swartz has provided a right-to-sue notice from the EEOC (Doc. No. 1 at 20) that demonstrates exhaustion of administrative remedies. See McGhee v. Disney Store, 53 F. App'x 751, 752 (6th Cir. 2014) (citing 42 U.S.C. § 12117(a)).

### 2. ADA Discrimination Claims

The ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" regarding hiring, advancement, training, termination, employee compensation, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); Keith v. Cnty. of Oakland, 703 F.3d 918, 923 (6th Cir. 2013). For a claim of disability discrimination, Swartz must demonstrate that: (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment action; (4) Asurion knew or had reason to know of her disability; and (5) her position remained open while Asurion sought other applicants or replaced her. Babb v. Maryville Anesthesiologists P.C., 942 F.3d 308, 320 (6th Cir. 2019); Ferrari v. Ford Motor Co., 826 F.3d 885, 891-92 (6th Cir. 2016).

Discrimination also includes a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." Brumley v. United Parcel Serv., Inc., 900 F.3d 834, 839 (6th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). For a failure-to-accommodate claim, Swartz must demonstrate that: (1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for her position, with or without reasonable accommodation; (3) Asurion knew or had reason to know about her disability; (4) she requested an accommodation; and (5) Asurion failed to provide the necessary accommodation. Id. (citing Deister v. Auto Club Ins. Ass'n, 647 F. App'x 652, 657 (6th Cir. 2016); Johnson v. Cleveland City Sch. Dist., 443 F. App'x 974, 982-83 (6th Cir. 2011)).

Importantly, however, Swartz need not allege facts establishing all of the prima facie elements of disability discrimination to survive initial review. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Rather, Swartz need only allege facts that "plausibly suggest an entitlement to relief," Williams, 631 F.3d at 383, and give Asurion "fair notice" of the claims and "the grounds upon which [they] rest[]." Morgan v. St. Francis Hosp., No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (ADA discrimination claim) (quoting Swierkiewicz, 534 U.S. at 512 and citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Court concludes that Swartz has stated colorable ADA discrimination and failure-to-accommodate claims. The Complaint alleges that Swartz was disabled; she was, at least impliedly, otherwise qualified for her position; she repeatedly brought her medical condition to the attention of Asurion with the assistance, at least twice, of medical professionals; Asurion repeatedly refused to accommodate Swartz's disability; and Asurion terminated Swartz, based on a pretextual reason, instead of providing an accommodation. Accordingly, Swartz has plausibly alleged that Asurion failed to accommodate her disability and discriminated against her by terminating her employment due to disability. Furthermore, Swartz has given Asurion "fair notice" of the grounds upon which her disability discrimination claims rest. Swartz's ADA discrimination and failure-to-accommodate claims may therefore proceed for further development.

### 3. ADA Retaliation Claim

The ADA prohibits retaliation against any person because she opposes practices made unlawful by the ADA or otherwise seeks to enforce rights under the ADA. A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ., 711 F.3d 687, 696-97 (6th Cir. 2013) (citing 42 U.S.C. § 12203). To state a colorable retaliation claim, Swartz must plausibly allege that: (1) she engaged in protected conduct under the ADA; (2) Asurion had knowledge of the protected activity; (3) Asurion

6

Case 3:21-cv-00335   Document 7   Filed 05/21/21   Page 6 of 7 PageID #: 46

Importantly, however, Swartz need not allege facts establishing all of the prima facie elements of disability discrimination to survive initial review. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Rather, Swartz need only allege facts that "plausibly suggest an entitlement to relief," Williams, 631 F.3d at 383, and give Asurion "fair notice" of the claims and "the grounds upon which [they] rest[]." Morgan v. St. Francis Hosp., No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (ADA discrimination claim) (quoting Swierkiewicz, 534 U.S. at 512 and citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Court concludes that Swartz has stated colorable ADA discrimination and failure-to-accommodate claims. The Complaint alleges that Swartz was disabled; she was, at least impliedly, otherwise qualified for her position; she repeatedly brought her medical condition to the attention of Asurion with the assistance, at least twice, of medical professionals; Asurion repeatedly refused to accommodate Swartz's disability; and Asurion terminated Swartz, based on a pretextual reason, instead of providing an accommodation. Accordingly, Swartz has plausibly alleged that Asurion failed to accommodate her disability and discriminated against her by terminating her employment due to disability. Furthermore, Swartz has given Asurion "fair notice" of the grounds upon which her disability discrimination claims rest. Swartz's ADA discrimination and failure-to-accommodate claims may therefore proceed for further development.

### 3. ADA Retaliation Claim

The ADA prohibits retaliation against any person because she opposes practices made unlawful by the ADA or otherwise seeks to enforce rights under the ADA. A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ., 711 F.3d 687, 696-97 (6th Cir. 2013) (citing 42 U.S.C. § 12203). To state a colorable retaliation claim, Swartz must plausibly allege that: (1) she engaged in protected conduct under the ADA; (2) Asurion had knowledge of the protected activity; (3) Asurion

thereafter took an employment action adverse to Swartz; and (4) there was a causal connection between the protected activity and the adverse employment action. Rorrer v. City of Stow, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing A.C., 711 F.3d at 697).

Here, the Complaint alleges that Swartz repeatedly sought an accommodation under the ADA from Asurion; Asurion was aware of Swartz's requests for accommodation; and Asurion terminated Swartz, based on a pretextual reason, in response to those requests for accommodation. Requests for accommodation are protected acts under the ADA. Bryson v. Regis Corp., 498 F.3d 561, 577 (6th Cir. 2007); Hurtt v. Int'l Servs., Inc., 627 F. App'x 414, 422 (6th Cir. 2015). Accordingly, for purposes of initial review, Swartz has stated a colorable ADA retaliation claim.

### III. Conclusion

For the reasons explained above, the Court concludes that Swartz has stated non-frivolous ADA discrimination, failure-to-accommodate, and retaliation claims against Asurion. All other claims and Defendants will be dismissed.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE