IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIZA LUCIA SWARTZ )
)
    v. )    NO. 3:21-00335
)
ASURION INSURANCE SERVICES, INC. )

**TO:  Honorable Aleta A. Trauger, District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 21, 2021 (Docket Entry No. 8), this *pro se* and *in forma pauperis*

employment discrimination case was referred to the Magistrate Judge for pretrial proceedings

under 28 U.S.C. 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the

Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 13) filed by Asurion

Insurance Services, Inc., to which Plaintiff has responded in opposition.   For the reasons set out

below, the undersigned respectfully recommends that the motion be granted.

## I.  BACKGROUND

On April 27, 2021, Martiza Lucia Swartz ("Plaintiff") filed this lawsuit *pro se* and *in forma*

*pauperis* against her former employer, Asurion Insurance Services, Inc. [1] ("Asurion" or

"Defendant"), and several individuals who work in management at Asurion.   *See* Complaint

---

[1] In her complaint, Plaintiff named the defendant as Asurion but she identified the
defendant as Asurion Insurance on the summons she returned.   *See* Docket Entry No. 10.
Defendant has responded as Asurion Insurance Services, Inc., which the Court presumes is the
correct name of Defendant.

(Docket Entry No. 1).   Plaintiff, who was terminated on September 11, 2019, brings claims under the Americans with Disabilities Act, asserting that she was the victim of disability discrimination and retaliation while working for Defendant.[2]   Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court found that Plaintiff alleged colorable claims against Asurion but dismissed her claims against the individual defendants.   *See* Memorandum (Docket Entry No. 7) at 4-7.

Defendant was served and filed the pending motion to dismiss in lieu of an answer. Defendant argues that the legal claims that Plaintiff seeks to pursue in this lawsuit are barred by the doctrine of judicial estoppel because the claims were not listed as assets by Plaintiff in a bankruptcy proceeding that she filed in 2019.   *See* Memorandum of Law in Support (Docket Entry No. 14).   Defendant contends that Plaintiff had a duty to list her legal claims as assets, even though the claims were merely potential claims at the time and that, under applicable Sixth Circuit law, her failure to meet this obligation bars her from now pursuing these claims in litigation.

Defendant asserts that Plaintiff filed a Chapter 13 petition in United States Bankruptcy Court for the Middle District of Tennessee on December 13, 2019, which culminated in a plan being confirmed by the Bankruptcy Court on February 27, 2020.   *See In re Marta Lucia Swartz*, No. 19-bk-07943-CMW ("the bankruptcy Case").   Defendant asserts that it is undisputed from the records of the Bankruptcy Case that Plaintiff (1) failed to list her potential claims against Asurion in the Schedule of Property that was filed, *see* Docket Entry No. 14-1 at 21, and (2) failed to affirmatively respond "yes" to the question, contained in the Statement of Financial Affairs, of

---

[2] A full description of Plaintiff's allegations and claims need not be set out herein but is summarized in the Court's prior Memorandum.   *See* Docket Entry No. 7 at 3-7.

whether, within one year prior to filing for bankruptcy, she had been a party in any lawsuit, court action, or administrative proceeding. *Id*. at 48. Defendant argues that Plaintiff was clearly aware of her potential claims against Asurion at the time she filed her bankruptcy petition, having filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 15, 2019, about the alleged employment discrimination. *See* Docket Entry No. 1 at 15. Defendant further asserts that Plaintiff failed to amend her bankruptcy filings after she received her right to sue letter from the EEOC on February 2, 2021, or after she filed her lawsuit.

Plaintiff responds by contending that her current lawsuit is not "about her Chapter 13" and that she had actually filed an initial bankruptcy petition prior to December 2019, but that petition had to be dismissed. *See* Response (Docket Entry No. 19). She points out that the EEOC proceedings were delayed through no fault of her own and that she filed this lawsuit on her own because she could not find an attorney who would take the case. Plaintiff attaches to her response an Amended Schedule of Property that lists the current lawsuit as a "claim against third parties." *Id*. at 10.[3]

Defendant replies that Plaintiff's recent filing of an amended schedule that lists her current lawsuit as an asset fails to cure her prior omission and that Sixth Circuit precedent directs that her claims continue to be barred by judicial estoppel because her recent amended schedule occurred only after the issue had been raised as a defense in the current lawsuit. *See* Reply (Docket Entry No. 22).

---

[3] Although it is not clear from her response that the Amended Schedule of Property was filed in Bankruptcy Court, the record from the Bankruptcy Case shows that the Amended Schedule of Property was filed by her bankruptcy attorney on July 28, 2021. *See* Docket Entry No. 72 in the Bankruptcy Case.

In what is essentially a sur-reply, Plaintiff reasserts that her lawsuit has nothing to do with her Chapter 13 case and argues that Asurion is attempting to prevent her employment discrimination claim from being heard because her claims have merit. *See* Plaintiff's Final Answer (Docket Entry No. 23). Plaintiff has also filed a letter from her bankruptcy attorney regarding the filing of the amended schedule, her own unsworn declaration "that the attached pleadings are true and correct to the best of my information and belief," and copies of a Notice to Amend Schedules A/B & C and the amended schedules that were filed in the Bankruptcy Case. *See* Docket Entry No. 24.

## II. STANDARD OF REVIEW

Defendant's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). In reviewing Defendant's motion to dismiss, the Court has not considered the matters submitted by Plaintiff that are outside the pleadings, such as her unsworn declaration and the letter from her bankruptcy attorney, but the Court has considered the filings made in the Bankruptcy Case. A court may appropriately take judicial notice of other court proceedings without converting a motion to dismiss into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

4

### III. ANALYSIS

The lawsuit filed by Plaintiff must be dismissed. The Court realizes that Plaintiff is proceeding *pro se* and that it is difficult for a lay person to navigate the legal issues that are involved in her case. The Court further acknowledges that Plaintiff believes that she has been wronged by Asurion and that she should have her claims heard. However, the legal doctrine raised by Defendant applies to Plaintiff's lawsuit and requires the Court to dismiss the case without addressing the underlying merits of Plaintiff's claims.

Defendant raises a sound legal argument that Plaintiff is judicially estopped from pursuing her claims. The judicial estoppel doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation omitted). It is a doctrine that is necessary to "preserve the integrity of the courts." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir.2002) (internal quotation omitted). In layman's terms, it prevents a party from saying something of importance in one case and then turning around and saying something completely the opposite in another case.

The Bankruptcy Code requires debtors to file, among other things, "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(a)(1). "It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). *Lewis v. Weyerhaeuser Co.*, 141 Fed.App'x 420, 424 (6th Cir. 2005). The "duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action" to the bankruptcy court. *Bohanan v. Bridgestone/Firestone*

5

*North American Tire, LLC*, 2007 WL 1091209 at *3 (M.D.Tenn. April 10, 2007) (Wiseman, J) (internal quotation omitted).

Because of the importance of the disclosure requirements to a bankruptcy proceeding, courts have consistently applied judicial estoppel to bar a bankruptcy debtor from later pursuing legal claims that were not disclosed in the bankruptcy proceeding. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 484 (6th Cir. 2010); *Newman v. Univ. of Dayton*, 751 Fed.App'x 809, 815 (6th Cir. 2018); *Davis v. Fiat Chrysler Automobiles U.S., LLC*, 747 Fed.App'x 309, 316 (6th Cir. 2018); *Kimberlin*, 520 Fed.App'x at 315; *Lewis*, 141 Fed.Appx. at 425; *Brown v. Electrolux Home Prod., Inc.*, 2020 WL 291373 (M.D.Tenn. Jan. 21, 2020) (Campbell, J.) (judicial estoppel barred the plaintiff from pursuing employment discrimination claim against former employer when the plaintiff did not list her EEOC Charge or her potential claims as assets in her bankruptcy petitions); *Jenkins v. Davidson Transit Org.*, 2016 WL 2939910 (M.D.Tenn. Apr. 13, 2016) (Nixon, J.) (judicial estoppel barred plaintiff from pursuing wrongful termination claim when the potential claim was not listed as an asset in bankruptcy petition).

The doctrine of judicial estoppel bars claims not disclosed in prior bankruptcy proceedings where (1) the debtor assumes a position contrary to one the debtor asserted under oath while in bankruptcy; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the debtor's omission did not result from mistake or inadvertence. *White*, 617 F.3d at 478. Showing that there was no mistake or inadvertence on the part of the plaintiff requires establishing that the plaintiff had knowledge of the factual basis underlying the claim sought to be barred and that there was motive for concealment. *Id*. at 476; *Lewis*, 141 Fed.Appx. at 425. A motive for concealment has been found simply by the very nature

of the bankruptcy proceedings, in which a debtor would necessarily stand to benefit from not reporting assets, so as not to have those assets transferred to creditors. *White*, 617 F.3d at 478-79.

In the instant case, Defendant has shown that each of these elements is satisfied. Plaintiff's lawsuit seeking relief for employment discrimination claims is clearly contrary to her under oath statements in the Bankruptcy Case that she had no potential legal claims against third parties and that she was not involved in administrative proceedings. *Lewis*, 141 Fed.App'x at 425. In confirming a final chapter 13 plan, the Bankruptcy Court inherently relies upon and adopts statements by a debtor about the debtor's assets. *Id*; *Vaughn v. Metro. Gov't of Nashville & Davidson Cty.*, 2014 WL 234200 at *5 (M.D.Tenn. Jan. 22, 2014). Finally, there is nothing that indicates that Plaintiff's failure to list her employment claims as assets in the Bankruptcy Case was the result of mistake or inadvertence given the undisputed fact that she had filed her charge of discrimination just a few months prior to filing her bankruptcy petition.

Thus, judicial estoppel applies unless Plaintiff shows an absence of bad faith on her part regarding the omission of the claims from her bankruptcy filings. *White*, 617 F.3d at 476-77. This showing is usually met by a showing of affirmative steps that were taken by the plaintiff to notify the bankruptcy court or trustee about the omitted claims such that their omission cannot be viewed as inadvertent or in bad faith. *Eubanks v. CBSK Fin. Group*, 385 F.3d 894, 898 (6th Cir. 2004). Plaintiff has not made this showing. Although she has recently filed amended schedules in the Bankruptcy Case listing the instant lawsuit as an asset, this filing came only after Defendant raised the judicial estoppel defense in its motion to dismiss and well after confirmation of Plaintiff's chapter 13 plan. Corrective filings of this type that occur after judicial estoppel has

7

already been raised against a party are generally not sufficient to show a lack of bad faith. *White*, 617 F.3d at 481; *Vaughn*, 2014 WL 234200 at **6-7. None of the arguments raised by Plaintiff in her response to the motion to dismiss provide a basis that rebuts the application of judicial estoppel to her case.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 13) filed by Asurion Insurance Services, Inc., be GRANTED and this action be DISMSISED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8