**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARITZ LUCIA SWARTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00335** |
| | ) | **Judge Aleta A. Trauger** |
| **ASURION INSURANCE SERVICES, INC.,** | ) | **Magistrate Judge Barbara D. Holmes** |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM</u>

Magistrate Judge Barbara Holmes has issued a Report and Recommendation ("R&R") (Doc. No. 25), recommending that the court grant the Motion to Dismiss (Doc. No. 13) filed by defendant Asurion Insurance Services, Inc. ("Asurion"). Plaintiff Maritza Swartz, who proceeds *pro se*, has filed Objections to the R&R. (Doc. No. 26.)

As set forth herein, the court will accept and adopt the R&R in its entirety, overrule the Objections, and grant the defendant's Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are these. The plaintiff was terminated from her employment on September 11, 2019. She filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 15, 2019, alleging that her termination was the result of disability discrimination in violation of the Americans with Disabilities Act. (Doc. No. 1, at 15.)

Just two months later, on December 13, 2019, the plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court for the Middle District of Tennessee, which culminated in the Bankruptcy Court's confirmation of a plan on February 27, 2020. *See In re Maritza Lucia Swartz*, No. 19-bk-07943-CMW ("Bankruptcy Case"), Doc. No. 23. The records from the Bankruptcy

Case show that the plaintiff did not list her potential claims against Asurion in her Schedule of Property filed in the Bankruptcy Case, Doc. No. 1, at 21. In addition, the plaintiff answered "no" to the question contained in the Statement of Financial Affairs as to whether, within one year prior to filing for bankruptcy, she had been a party in any lawsuit, court action, or administrative proceeding, *id.* at 48, even though she had already filed her charge of discrimination with the EEOC by then.

The EEOC did not issue a Notice of Suit Rights ("right to sue letter") until February 2, 2021. (*Id.* at 20.) The plaintiff filed this lawsuit against Asurion, asserting employment discrimination claims, on April 27, 2021. The plaintiff did not amend her bankruptcy filings to include her claim in this case after receiving her right to sue letter or after filing this lawsuit.

Based on these facts, Asurion filed a Motion to Dismiss on July 20, 2021, arguing that, under clearly established law, the doctrine of judicial estoppel bars the plaintiff from pursuing her claims in this case. In the plaintiff's "Memorandum to Stop the Motion for Dismissing the Case" (Doc. No. 19), which the court construes as a response in opposition to the Motion to Dismiss, the plaintiff does not refute any of the facts set forth above, nor does she respond to the defendant's legal argument. Instead, she argues that her discrimination lawsuit is "not about [her] Chapter 13, it is for wrong[ful] termination" and failure to accommodate a medical condition. (*Id.* at 1.) She also asserts that pandemic-related complications caused delays in her pursuit of her administrative claim before the EEOC and in the issuance of the right to sue letter and that, because she was unable to find a lawyer, she filed this lawsuit on her own. She also attaches to this filing an Amended Schedule of Property that lists this lawsuit as a "claim against third parties." (*Id.* at 10.) Although the plaintiff's response does not indicate when the undated Amended Schedule of Property was filed in the Bankruptcy Court, the bankruptcy docket reflects that it was filed on July

28, 2021, after the defendant filed the present Motion to Dismiss. Bankruptcy Case, Doc. No. 72 (July 28, 2021).

In the R&R, the Magistrate Judge expressly recognizes that the plaintiff proceeds *pro se* and that it is "difficult for a lay person to navigate the legal issues that are involved in her case" but nonetheless recommends dismissal of this case on the grounds asserted by the defendant: that the plaintiff is judicially estopped from pursuing this lawsuit as a result of her failure to disclose it in the Bankruptcy Case, and the plaintiff's filing of the Amended Schedule of Property after the defendant filed its Motion to Dismiss does not serve to cure that failure. (Doc. No. 25, at 5.)

The plaintiff filed timely Objections, but the plaintiff does not argue that the Magistrate Judge erred in her statement of the facts or the application of the law. (Doc. No. 26.) The plaintiff contends, again, that her discrimination lawsuit is "not about any Chapter 13," that she does not have the benefit of being represented by counsel in this case and does not understand the law, and that her discrimination claim is meritorious. (*Id.* at 1.) She also argues that she had not yet received her right to sue letter when she filed her Chapter 13 case and that her bankruptcy filings were submitted by the lawyer representing her in her Chapter 13 case.

## II.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, as here, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    DISCUSSION

The court accepts the Magistrate Judge's conclusions of law in their entirety. To summarize: the judicial estoppel doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted). Because of the importance

of the disclosure requirements that apply to bankruptcy proceedings, courts have consistently applied judicial estoppel to bar a bankruptcy debtor from later pursuing legal claims that she did not timely disclose in a bankruptcy proceeding. *See, e.g.*, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 484 (6th Cir. 2010); *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) ("It is well-settled that a cause of action is an asset that must be scheduled under [11 U.S.C.] § 521(1)."). Moreover, it is not only actual lawsuits that must be disclosed. "[A] debtor is required to disclose all *potential causes of action*." *Id.* (internal quotation marks and citations omitted) (emphasis added). And "[t]he duty of disclosure is a continuing one." *Id.*

The Magistrate Judge found that judicial estoppel applies in this case, because it is clear that (1) Swartz, as debtor, assumed a position in this case contrary to one she asserted under oath in the Bankruptcy Case; (2) in confirming a final Chapter 13 plan, the Bankruptcy Court relied on and adopted that position; and (3) nothing in the record indicates that the plaintiff's failure to list her employment claims as an asset in the Bankruptcy Case was the result of mistake or inadvertence or that the plaintiff made a good-faith effort to notify the Bankruptcy Court or trustee of the existence of her claim. *Accord Lewis*, 141 F. App'x at 426–27.

The plaintiff's Objections do not address any of the Magistrate Judge's findings and conclusions. The only cogent argument that the court can glean from the plaintiff's Objections is that she is represented by counsel in the Bankruptcy Case and that the documents filed in that case were prepared by her lawyer, by which the court understands the plaintiff to be suggesting that she should not be faulted for errors in the Bankruptcy Case filings. The court is not persuaded by this objection. The plaintiff's bankruptcy petition was filed under oath, and the plaintiff's attorney acted as the plaintiff's agent. In *Lewis*, the plaintiff alleged that she had relied on the advice of counsel in not disclosing her discrimination claim as an asset of her bankruptcy estate, and she

also asserted that she had notified the bankruptcy trustee's office of her potential discrimination claim. *Lewis*, 151 F. App'x at 422. The district court rejected the plaintiff's argument that her failure to disclose was a good-faith mistake, finding that "the only 'mistake' was in relying on bad legal advice." *Id.* at 423. The Sixth Circuit affirmed on *de novo* review, finding in particular that the plaintiff's assertion that she had relied in good faith on the advice of her attorney's paralegal did not change its analysis, because a litigant is generally bound by the errors of her attorney, and the plaintiff provided no "compelling reason to justify departing from [that] general rule." *Id.* at 427–28.

"Leniency has not been the watchword that characterizes the Sixth Circuit's treatment of judicial estoppel claims in the bankruptcy context." *Riddle v. Chase Home Fin.*, No. 09-11182, 2010 WL 3504020, at *3 (E.D. Mich. Sept. 2, 2010). Although judicial estoppel is an equitable doctrine, the applicable elements apply in this case, and factors that might mitigate its application are absent. Given the timing of events, there can be no dispute that the plaintiff knew of the facts giving rise to the present cause of action when she filed her bankruptcy petition. Based on the Sixth Circuit's pronouncement that the plaintiff in that case had "a motive to conceal her claim since [i]t is always in a Chapter 13 petitioner's interest to minimize income and assets," *Lewis*, 141 F. App'x at 426, the court must also conclude that Swartz had a motive for concealment, and her failure to satisfy the statutory disclosure duty was not inadvertent. Moreover, the *pro se* litigant's ignorance of the law is no excuse. As the district court stated in *Riddle*, upon granting the defendant's motion to dismiss on the grounds of judicial estoppel:

> The Court must conclude that the plaintiff knew of the facts constituting the present cause of action and had a motive for concealment, and therefore her failure to satisfy the statutory disclosure duty was not "inadvertent." Indeed, if the Court were to equate lack of legal training regarding a statutory duty to disclose or absence of affirmative efforts to conceal the claim with excusable mistake or inadvertence, it

would undermine the familiar maxim that, even for pro se litigants, ignorance of the law is no excuse.

*Id.* at *6 (internal citation omitted).

## IV.     CONCLUSION

The plaintiff's Objections will be overruled, and court will adopt and accept in its entirety the Magistrate Judge's R&R. For the reasons set forth therein, the defendant's Motion to Dismiss (Doc. No. 13) will be granted, and this case will be dismissed with prejudice.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge